JOHN SIMPSON, an Infant, etc., Respondent, *v.* CHARLES GRIGGS, Appellant.

*Vicious dog — an employer is not liable for the acts of one kept by his employee on the former's land.*

Griggs, a tenant in occupation of a farm, employed in working it one Wood, who was allowed to occupy a farm-house on the premises as a part of the compensation for his labor, the products of which were received by Griggs. Wood brought a dog upon the premises, which, in the course of his employment, Wood occasionally used to churn butter which was made for Griggs. The dog was vicious and bit one Simpson, who brought an action against Griggs to recover damages for the injury thus inflicted.

*Held,* in the absence of knowledge upon the part of Griggs of the bad disposition of the dog, that he was not liable.

The employer does not harbor a dog, because he knows that his hired man has one in his family which occupies a separate residence on the farm.

Appeal by the defendant Charles Griggs from a judgment of the Supreme Court, entered in the Dutchess county clerk's office on the 14th day of June, 1890, in favor of the plaintiff, after a trial before the court and a jury at the Dutchess County Circuit, at which a verdict was rendered in favor of the plaintiff for the sum of $500, and also from an order denying a motion for a new trial made upon the minutes of the court.

The action was brought to recover the damages resulting to the plaintiff from having been bitten by a vicious dog upon the premises leased and occupied by the defendant.

*H. H. Hustis,* for the appellant.

*Schlosser & Wood,* for the respondent.

BARNARD, P. J.:

The defendant and others occupied, under a lease from Mrs. Hunt, a farm in Wappingers, Dutchess county. There was a brick-yard on the farm which was operated by Griggs & Company. They employed one Wood to work the farm. Wood occupied a farm-house on the premises, and the defendant and his partner had the proceeds of the farm. Wood occupied the house as a hired man, and the occupancy was a part of the compensation for the labor of Wood. Wood brought a dog with him when he went there, and this dog was kept by Wood at the house he occupied on the farm of Grigg's land in Newburg.

While Wood denied his ownership of the dog, it is manifest that he did own him and had absolute and sole control over him. The dog was vicious and bit the plaintiff. The defendant knew nothing of the bad disposition of the dog, other than is implied from a knowledge by Wood that the dog was savage and would bite mankind. The defendant's liability was based upon the proof that he employed Wood and Wood brought the dog with him, and that the defendant's firm had the proceeds of the farm, and that the employee Wood occasionally used the dog to churn butter which was made for the farm. The employer does not harbor a dog, because he knows that his hired man has one in his family, which occupies a separate residence. (*Auchmuty* v. *Ham*, 1 Denio, 495.) The defendant knew nothing of the evil qualities of the dog personally, and had no power over him.

The judgment and order denying a new trial should, therefore, be reversed, with costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.