■ EVERETT PAYNE, Respondent, v ANTHONY PAVESE et al., Defendants, and MARTIN MILANO, Appellant. — Appeal from that part of an order of the Supreme Court at Special Term (Williams, J.), entered December 27, 1982 in Ulster County, which denied defendant Martin Milano's motion for summary judgment dismissing the complaint. Plaintiff was bitten by a dog on September 14, 1981 while on Paul Quimby's property. He sued Lola and Anthony Pavese, the owners of the dog; William and Martin Milano, the owners of the land on which the dog was kept and where Anthony Pavese conducted a welding business; and Paul Quimby, the owner of the land on which the dog bite occurred and the operator of the Farmer's Produce Auction located thereon. The Milanos sought summary judgment dismissing the complaint pursuant to CPLR 3212. In the moving papers, William Milano denied ownership of the land leased by Pavese while Martin Milano admitted ownership but sought dismissal for failure to state a cause of action against him. The court granted William Milano's motion and denied that of Martin Milano. This appeal by Martin Milano ensued. Plaintiff's complaint seeks recovery from Martin Milano on the ground that he allowed the Pavese dog to remain on the premises owned by him with prior knowledge of the vicious propensities of the

animal and that he failed to see that the animal was properly restrained and muzzled. Martin Milano, in seeking dismissal of the complaint, stated in his affidavit that he leased his property to Anthony Pavese; that he did not reside there; that he never exercised control over the Pavese dog; and that he was unaware of the animal's presence on the property. Plaintiff has submitted in response the affidavit of his counsel which fails to set out any facts which would make Martin Milano responsible for plaintiff's injuries as landlord of the leased premises (see *Strunk v Zoltanski*, 96 AD2d 1074). To defeat a motion for summary judgment, the opposing party must show the existence of facts requiring a trial. An affidavit by an attorney without personal knowledge of the facts has no probative value and will be deemed insufficient to raise questions of fact (*Zuckerman v City of New York*, 49 NY2d 557). The unsubstantiated allegations of plaintiff's counsel fall into the category of inadmissible proof. Defendant Martin Milano is, therefore, entitled to summary judgment. Order modified, on the law, motion of defendant Martin Milano granted, and complaint dismissed against said defendant, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Casey, Mikoll and Weiss, JJ., concur.