■ ISMAEL MICKENS, Respondent, v PRUDENTIAL INSURANCE CORP. OF AMERICA, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated August 23, 1983, which denied its motion for summary judgment dismissing the complaint. ¶ Order reversed, on the law, with costs, motion for summary judgment granted and complaint dismissed. ¶ On April 21, 1979, plaintiff, in his capacity as a New York City Police Officer, responded to an incident at a multiple residential dwelling located at 829 Bushwick Avenue in Brooklyn. While lawfully on the premises, plaintiff sustained injuries when he fell down a flight of stairs while retreating from an allegedly vicious dog. The defendant had purchased the premises at a foreclosure sale on November 23, 1976. The harborer of the dog in question was the

former owner of the premises, who continued to occupy one of the apartments without the defendant's consent. ¶ Plaintiff sought to impose liability upon defendant in its capacity as the owner of the premises. Special Term denied defendant's motion for summary judgment on the ground an issue of fact exists with respect to the movant's control of the subject premises. On appeal, defendant concedes, for the purpose of its motion, that it owns and controls the subject premises. Assuming, *arguendo,* that it was in control of the premises, defendant contends that liability could not be imposed upon it absent evidence that defendant was charged with notice that a dog of vicious propensities was being harbored on its premises. We agree (see *Laguttuta v Chisolm,* 65 App Div 326; see, generally, 3 NY Jur 2d, Animals, § 50; cf. *Strunk v Zoltanski,* 96 AD2d 1074). A review of the record on appeal discloses that plaintiff had omitted to proffer any evidence to rebut defendant's proof that it did not have actual knowledge that a dog was being harbored on its premises, let alone that the dog had vicious propensities. Nor is there any evidence to support plaintiff's theory that the dog owner was defendant's agent by estoppel. Consequently, defendant's motion for summary judgment dismissing the complaint should have been granted as no triable issue exists as to defendant's lack of actual knowledge of the animal and its allegedly dangerous proclivities. Bracken, J. P., Niehoff, Rubin and Eiber, JJ., concur.