■ PETER ZWINGE, as Parent and Natural Guardian of TAMMY ZWINGE, an Infant, et al., Respondents, v. MARCELLA LOVE, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered December 14, 1970 in Rensselaer County, which denied a motion by defendant for summary judgment. Although the owner of a dog, which he knows or has reason to know has a vicious propensity, is liable for injuries caused by it (*Lagoda* v. *Dorr*, 28 A D 2d 208), as well as the harborer or keeper of such an animal (*Quilty* v. *Battie*, 135 N. Y. 201, 204), such a rule of liability has not been extended to a landlord who merely leases the realty to the owner of the dog (*Denagy* v. *Doscher*, 40 Misc 2d 643; cf. *Laguttuta* v. *Chisolm*, 65 App. Div. 326, 330; 1 New York Law of Landlord and Tenant, § 184). The complaint alleges that on or about May 21, 1968 the infant plaintiff was attacked and bitten by a dog while in the home of defendant in the Town of Stephentown, Rensselaer County, and that on said date defendant wrongfully kept and harbored a dog "owned by the defendant's son and daughter-in-law". Besides this admission of ownership of the dog in persons other than defendant (*Kraus* v. *Birnbaum*, 200 N. Y. 130, 137), defendant's affidavit and that of James Hoffman, her son, recite, without factual dispute, that the latter was the owner of the dog in question, it having been purchased by him during the summer of 1967. It is also undisputed that defendant did not live at the premises where the injury occurred, that she resided at an address in Massachusetts for about two years prior to the incident and that during said period the Stephentown premises were exclusively occupied by the son. Affidavits submitted by defendant allege that the dog was under the son's exclusive dominion and control, without any exercise by defendant, and there is no evidentiary showing indicating that defendant harbored or kept it. The fact that defendant, while visiting her son, may have called the dog, given it commands or let it in and out of the premises would not be enough to constitute her as its harborer or keeper. Order reversed, on the law, and motion granted, without costs. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur.