OPINION OF THE COURT
Jones, J.
A landlord who, with knowledge that a prospective tenant has a vicious dog which will be kept on the premises, nonetheless leases the premises to such tenant without taking reasonable measures, by pertinent provisions in the *574 lease or otherwise, to protect persons who might be on the premises from being attacked by the dog may be held liable to a person who while thereafter on the premises is bitten by the dog.
Plaintiff here seeks to recover damages from the landlord for injuries suffered when he was bitten by a dog owned by the tenant. After the landlord had filed an answer denying liability, plaintiff and his mother and defendant Sophie Zoltanski were examined before trial. Defendants then moved for summary judgment dismissing the complaint. Supreme Court granted the motion as to Joseph Zoltanski, the husband, who had no interest in the property on which the dog bite occurred. The court denied the motion as to Sophie Zoltanski, however, concluding that there were issues of fact as to her knowledge of the presence of the dog and of its vicious nature. The Appellate Division affirmed and granted Mrs. Zoltanski leave to appeal to our court on a certified question. We conclude that there should be an affirmance.
It appears from the papers submitted on the motion for summary judgment that, about five years prior to plaintiff’s being bitten, Sophie Zoltanski inherited from her sister a six-acre parcel of land on which two residences were located. She did not live in either house but rented both. Plaintiff tendered proof in admissible form from which a jury could find that one Carl Kenyon, operator of a gas station, was occupying one of the two houses in April, 1979; that on one occasion during that month Mrs. Zoltan-ski was on the premises later leased to Kenyon where the German Shepherd dog which subsequently bit plaintiff was tied in her full view; that at the time the dog was “barking very loudly, jumping up and down, growling and acting ferocious”. Mrs. Zoltanski stated on her examination before trial that she leased the premises to Kenyon on an oral basis in May.
On May 8, 1979 plaintiff, then a boy of 14, encountered Kenyon at his gas station and the latter asked him if he wanted the dog. Plaintiff replied that he would have to check with his mother. His mother wanted to see thc dog and went with plaintiff to the Kenyon premises. She waited at the residence next door while plaintiff went to *575 get the dog.-The boy walked toward the dog to untie it, and it was then that the dog jumped up and bit him on the mouth and later on his arm as he sought to defend himself.
The general rule is that, in conventional settings in which premises are rented by a tenant who acquires exclusive possession and control, the landlord is not liable for attacks by animals kept by the tenant on those premises where the landlord had no knowledge of the animal or its dangerous proclivities at the time of the initial letting of the premises (see Landlord’s Liability to Third Person for Injury Resulting from Attack by Dangerous or Vicious Animal Kept by Tenant, Ann., 81 ALR3d 638). The aspect peculiar to the present case is the circumstance that here the jury might find, although she herself denies it, that at the time she leased the premises to Carl Kenyon, Mrs. Zoltanski knew that her prospective tenant had a vicious German Shepherd dog which he intended to keep on the leased premises. Notwithstanding this prior knowledge, at a time when she had complete control of the premises she leased them to the tenant, permitted him to keep the dog on the premises, and, so far as appears on this motion, took no measures by pertinent provisions in the lease or otherwise to protect third persons who might be on the premises from being attacked by the dog.
The principle with respect to the liability of a landlord whose tenant comes into possession of the animal after the premises have been leased (that to establish liability it must be shown that the landlord had knowledge of the vicious propensities of the dog and had control of the premises or other capability to remove or confine the animal [id.]) likewise is not determinative here. The present is a situation in which the landlord, by leasing the premises to the owner of the dog, could be found affirmatively to have created the very risk which was reasonably foreseeable and which operated to injure plaintiff. On the basis of the evidence tendered on the motion for summary judgment, the jury could find that, having created this risk, Mrs. Zoltanski took no steps reasonably calculated to protect this plaintiff from the injuries which he suffered. We do not intend to suggest that the landlord would be subject to the same strict liability to which a tenant as *576 harborer of the dog would be subject (see Restatement, Torts 2d, § 509), but landlords as others must exercise reasonable care not to expose third persons to an unreasonable risk of harm (cf. Uccello v Laudenslayer, 44 Cal App 3d 504).[1]
Considerations of public policy, the appropriate frame of reference for determination of tort liability in situations newly confronted by the courts,[2] require that a landlord who, prior to leasing the premises, has knowledge that the tenant may be expected to carry on activities on the premises in such a manner as unreasonably to expose third persons to risk of physical injury has a duty to take such precautions as lie within the control of the landlord reasonably to protect such third persons from the injuries to be foreseen if no such precautions are taken. In the present case, no evidence was tendered on the motion for summaiy judgment that this landlord, aware of the danger of the situation, took any steps to protect this plaintiff.
We recognize that in today’s world there may be tenants whose interest in keeping a watch or guard dog for protection of person or property, in consequence of the character of the neighborhood in which the leased premises are located or by virtue of the peculiar circumstances of the individual tenant, is legitimate and not necessarily to be discouraged. Nevertheless, the tenant who harbors the dog and derives protective benefit from its presence on the premises will be held strictly liable to third persons for injuries inflicted by the dog (see Restatement, Torts 2d, § 509) and may be subject to governmental regulation (e.g., Agriculture and Markets Law, §§ 119, 121). In such situations, however, it would defeat what may properly be *577 accepted as a socially useful purpose, namely, provision of housing for persons who may legitimately keep watch or guard dogs, to announce a rule of law which would have the practical effect of discouraging all landlords (who themselves derive no benefit, or at most only an incidental benefit, from the dog’s presence) from ever leasing to any tenant who seeks to keep such a dog. The proper accommodation of these interests calls for the imposition on the landlord of a duty, at the inception of the lease when it is known that the tenant will keep a watch or guard dog, to take reasonable precautions for the protection of third persons, by provisions in the lease with respect to confinement or control of the dog or otherwise.
The circumstance, to which the dissent draws attention, that the dog here was tied up both when observed by the landlord prior to the letting of the premises and at the time of the attack on plaintiff is not conclusive on the present motion for summary judgment. Liability, if any, of the landlord will depend on whether at trial the jury finds, on evidence sufficient to warrant such a finding, that, knowing of the tenant’s ownership of a vicious dog, she took reasonable care in her arrangements with the tenant to protect third persons from injury. In the record before us there is no tender of evidence of her having taken any care. Whether the exercise of reasonable care in the circumstances would have called for a requirement that the dog be tied, or be otherwise confined so as both to restrain the dog and to exclude third persons, and also a requirement that warnings be posted, as well as whether the landlord’s failure to take any care, if such be the proof on trial, was the proximate cause of plaintiff’s injuries, both present factual issues to be resolved by the triers of the facts. We do not intend to imply that there must be a finding that this landlord is liable for the injuries suffered by this plaintiff; we do no more than conclude that there are factual questions which foreclose dismissal based on the submissions on the motion for summary judgment.
None of the cases on which the dissent would rely as holding that a landlord is not liable for damages suffered by a third person in consequence of an attack by an animal harbored by the tenant (Theobald v Grey Public Relations, *578 39 AD2d 902; Zwinge v Love, 37 AD2d 874; Laguttuta v Chisolm, 65 App Div 326; Denagy v Doscher, 40 Misc 2d 643; Richards v Leppard, 118 NH 666 [involving statute imposing liability on one “who owns or keeps (a) * * * dog, or has it in possession”]; and Gilbert v Christiansen, _ Minn _, 259 NW2d 896 [involving statute imposing liability on the “owner” of the dog]) involve the circumstance peculiar to this case, namely, that here the liability, if any, of the landlord would be predicated on a jury finding that, at the time of the initial leasing of the premises to the tenant, the landlord knew both of the prospective presence of the dog and of its vicious propensities.
Accordingly, the order of the Appellate Division should be affirmed, with costs.

. Compare Restatement, Torts 2d (§ 379 A) as to the liability of a landlord in comparable circumstances to persons outside of the land:
“Activities After Lessor Transfers Possession
“A lessor of land is subject to liability for physical harm to persons outside of the land caused by activities of the lessee or others on the land after the lessor transfers possession if, but only if,
“(a) the lessor at the time of the lease consented to such activity or knew that it would be carried on, and
“(b) the lessor knew or had reason to know that it would unavoidably involve such an unreasonable risk, or that special precautions necessary to safety would not be taken.”

. See Bovsun v Sanperi (61 NY2d 219, 228). The parties have not called our attention to any authority in case law or legal writings which addresses the question of liability of a landlord who has knowledge of a tenant’s ownership of a vicious dog prior to the initial letting, and our research has disclosed none.