OPINION OF THE COURT
John R. Tenney, J.
Plaintiff’s minor son was bitten by a dog owned by defendant Gizzy, on premises leased to Gizzy by defendants Quinn. The Quinns move for summary judgment contending that as absentee landlords, they are not liable for the actions of their tenant’s dog.
Generally, a landlord not in possession of the premises is not liable for injuries inflicted by a tenant’s dog. However, he may become liable if he has (1) actual knowledge of the animal’s vicious propensities and (2) has retained substantial control over the premises. (Zwinge v Love, 37 AD2d 874.)
Since there is a dispute over the issue of control of the premises, it may not be decided by summary judgment. The issue which must be addressed by the court is that of actual knowledge “of the vicious propensities”. There is no dispute from the affidavits — the Quinns had no actual knowledge. Plaintiff argues that they had “constructive notice”, and it is the same thing and meets the Zwinge v Love (supra) requirements.
*767 Plaintiff offers evidence that the dog had previously bitten someone, and that a report of the incident was filed with the Town of Salina and the Onondaga County Department of Health. Plaintiff contends that this filed report constitutes constructive notice of the animal’s vicious propensities. He cites Strunk v Zoltanski (96 AD2d 1074, affd 62 NY2d 572), as authority. It is not. In that case, the landlord retained no control over the demised premises. However, he had actual knowledge of the dog’s vicious nature not only prior to the incident, but prior to letting the premises.
The court held that the prior knowledge imposed a burden upon the landlord to refuse to lease or accept the consequences. Thus, a landlord who leases to a tenant knowing the tenant is an owner of a potentially dangerous dog will be responsible for any damage caused to a third party by the dog.
On the other hand, the issue of constructive notice and its effect on the actual notice requirement in the Zwinge v Love case (supra) should be resolved. “ ‘Constructive notice ordinarily means that a person should be held to have knowledge of a certain fact because he knows other facts from which it is concluded that he actually knew, or ought to have known, the fact in question. Constructive notice also exists whenever it is shown that reasonable diligence would have produced actual notice.’ (42 N.Y. Jur., Notice and Notices, §3.)” (Bierzynski v New York Cent. R. R. Co., 31 AD2d 294, 297.) Here, the fact in question is the vicious nature of the dog and the “other facts” are the defendants’ knowledge of the existence of a dog and the filed dog bite report. Under these circumstances, was there a duty on the part of the landlord to exercise “reasonable diligence” which would necessarily include a search of public records? “The question is not only whether an inquiry would have revealed the fact, but also whether, acting as an ordinarily prudent person would have done, the person to be charged was called upon, under the circumstances, to make inquiry.” (42 NY Jur, Notice and Notices, § 17; see, Anderson v Blood, 152 NY 285.)
Although the Quinns knew of the existence of a dog, it did not create a duty to inquire further. Such a burden would be oppressive and unreasonable. “[N]ot all relationships give rise to a duty. One should not be held legally responsible for the conduct of others merely because they are within our sight or environs * * * While a court might impose a legal duty where none existed before * * * such an imposition must be exercised with extreme care”. (Pulka v Edelman, 40 NY2d 781, 785-786.)
*768 Similarly, the mere existence of the filed report created no duty. Absent some statutory provision, records kept by or for governmental entities are not notice to the public. (Dunn v City of New York, 205 NY 342; Curnen v Mayor, Aldermen & Commonalty of City ofN. Y., 79 NY 511.) Here, no statutory provision is claimed. Thus, there is no duty to inquire and no constructive notice. The motion for summary judgment should, therefore, be granted.