■ DAVID J. MEYERS, Respondent, v TIMOTHY HASKINS, Defendant, and CHARLES CAPUTO, Appellant.—Kane, J. P.

Plaintiff commenced this action for personal injuries allegedly sustained when he was attacked by a dog owned by defendant Timothy Haskins. The incident occurred on Sunday,

May 26, 1985 at Village Estate Rentals, a group of 11 rental cabins owned by defendant Charles Caputo and located north of the Village of Lake George in Warren County. Haskins, along with three other people, had rented one of the cabins for the weekend. Haskins had arrived with the dog, a pit bull terrier, at about noon on the day in question. The incident apparently occurred a few hours later while the dog was chained to a tree in front of Haskins' cabin. Subsequent to defendants' serving their answers and pretrial discovery proceedings taking place, Caputo moved for summary judgment to dismiss the complaint against him on the ground that as landlord of the premises, he had no knowledge of the dog's presence and therefore could not be held liable for plaintiff's injuries. Supreme Court denied the motion and Caputo has appealed.

We affirm. A landlord is not liable for attacks by animals kept by a tenant where the landlord has no knowledge of the animal's presence or its dangerous proclivities at the time of the initial letting *(Strunk v Zoltanski,* 62 NY2d 572, 575). To establish liability, it must also be shown that the landlord had control of the premises or other capability to remove or confine the animal *(supra)*. Caputo claims that there is no evidence of actual knowledge of the dog's presence. He bases this claim on the assertions of Marion Flowers, the on-site manager of Village Estates. She claimed she never saw or heard the dog prior to the incident and that the cabin rented to Haskins was not visible from her office. However, there was contradictory evidence as to whether the cabin could be seen from the office and Haskins in pretrial testimony stated that he walked by her office twice that day with the dog. Flowers also admitted that she was on the premises that day.

Caputo also argues that the evidence fails to establish constructive notice on his part. Constructive notice requires that the defect be visible and apparent, and it must exist for a sufficient length of time prior to the incident so as to permit a defendant's employees to discover and remedy it *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837). Here, there was testimony indicating that the dog had been there for about two hours before plaintiff even arrived *(see, Negri v Stop & Shop,* 65 NY2d 625, 626). Additionally, the dog was tied to a tree on the premises and therefore under Caputo's control. Given that there is some evidence tending to show that Caputo had actual or constructive knowledge of the dog's presence, Supreme Court's denial of summary judgment was not improper. We emphasize that this is a motion for

summary judgment and that we have reviewed the evidence in the light most favorable to plaintiff, the party opposing the motion, and have given him the benefit of every reasonable inference *(see, supra; Robinson v Strong Mem. Hosp.,* 98 AD2d 976).

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.