■ NOREEN CRONIN, Individually and as Parent and Natural Guardian of KATHERINE NAPPO, an Infant, Appellant, v JOHN CHROSNIAK et al., Defendants, and ANDREW BROWN et al., Respondents.—Order and judgment unanimously reversed on the law without costs and motion denied. Memorandum: Special Term erred in granting summary judgment in favor of defendants Andrew and Ann Brown.

The instant action arose out of an occurrence when a pit bull dog owned by defendants Diane and John Chrosniak attacked and seriously injured infant plaintiff Katherine Nappo, then six years of age. The attack occurred while plaintiff was playing in the backyard of the home located next door to the Chrosniaks, who leased the premises from defendants Brown, who were nonresidents of the leased premises. Only the plaintiff and defendants Brown are parties to this appeal.

A landlord not in possession of the premises is usually not

liable for injures inflicted by an animal owned or harbored by a tenant *(Zwinge v Love,* 37 AD2d 874; *Georgianna v Gizzy,* 126 Misc 2d 766). However, if during the term of the leasehold a landlord becomes aware of the fact that his tenant is harboring an animal with vicious propensities, he owes a duty to protect third persons from injury only if he "had control of the premises or other capability to remove or confine the animal" *(Strunk v Zoltanski,* 62 NY2d 572, 575).

On a summary judgment motion, defendant has the initial burden of coming forward with evidence proving that plaintiff's cause of action has no merit *(GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967). In the present case, defendants failed to meet their burden of proving that they did not know of the dog's vicious propensities and that they did not have sufficient control of the premises to require removal. In support of the motion, defendants submitted nothing more than an affidavit of their attorney, having no probative value, and selected portions of the EBTs of defendant Andrew Brown and Diane Chrosniak. In his EBT, Brown admitted that he knew of the existence of the dogs. Defendants submitted no evidence in admissible form in support of their motion for summary judgment to prove that they had no notice of the vicious propensities of the pit bull as a matter of law. Therefore, defendants' submissions were insufficient and summary judgment was improperly granted.

Even were we to conclude that defendants made a proper showing in the first instance on their motion, thereby shifting the burden to plaintiff to come forward with evidence to demonstrate the existence of a triable issue of fact *(GTF Mktg. v Colonial Aluminum Sales, supra,* at 968), the record before us clearly establishes that plaintiff has met this burden. Plaintiff submitted the EBT testimony of Mrs. Brown, who testified that she knew that the dog had attacked an upstairs neighbor's cat and that she had asked her tenants, defendants Chrosniak, on several occasions to get rid of the dog. The owner of the house next door, one Crystal Mieth, submitted an affidavit stating she observed defendant Andrew Brown at the premises owned by him doing repairs and yard work; that the dog in question, along with another, were harbored in a basement of the Chrosniak home; that the dog that attacked plaintiff had killed Mieth's cat in an unprovoked attack; that the dogs barked constantly when someone approached the premises; and that the dog had attacked another person, as well as a dog belonging to another neighbor, prior to the attack on plaintiff. None of this is rebutted by defendants. We

find this proof sufficient to raise a triable issue of fact concerning defendants' knowledge of the dog's vicious propensities. Plaintiff also submitted proof that the Chrosniaks were month-to-month tenants, demonstrating that defendants had the capability to require the tenants to get rid of the dog. Therefore, summary judgment should have been denied. (Appeal from order and judgment of Supreme Court, Erie County, McGowan, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Green and Balio, JJ.