■ KERI D. PLUE, an Infant, by LOUISE G. PLUE, Her Mother, et al., Respondents, v KATHERINE LENT, Appellant.— Kane, J. Appeal from an order of the Supreme Court (Conway, J.), entered February 25, 1988 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

On August 23, 1982, while in the backyard of defendant's premises in the Town of Colonie, Albany County, plaintiff Keri D. Plue, an infant, was bitten by an Afghan hound owned by defendant's lessee. The lease was oral and was negotiated on behalf of defendant, a full-time student, by her parents. During the course of negotiations, the lessee informed defendant's mother that he was the owner of an Afghan hound, and although it was their policy not to allow dogs on this particular property, upon the lessee's representation that it was a "good dog", the dog was permitted to remain. No further inquiry was made regarding the dog's disposition and no opportunity was provided to observe the dog prior to the lessee's entry upon the premises. Thereafter, on occasions when defendant's parents visited the premises to collect the rent, they observed the dog tied in the backyard with no indication of any vicious propensities. Defendant never saw the dog nor did she know that her tenant maintained a dog on her premises.

After this action was commenced, defendant moved for summary judgment dismissing the complaint. In denying defendant's motion, Supreme Court relied upon affidavits of the infant plaintiff's grandparents, which related their observations of vicious propensities on the part of the dog, and concluded that questions of fact were raised as to whether defendant knew or should have known of the dog's vicious nature. We reverse.

It is now the law in New York that a landlord who leases premises to a tenant "with knowledge that [the] prospective tenant has a vicious dog" must take reasonable measures to protect others on the premises from an attack by the dog *(Strunk v Zoltanski,* 62 NY2d 572, 573). However, here, in support of her motion for summary judgment, defendant established prima facie that she did not know of any vicious propensities on the dog's part. It was then mandatory for

plaintiffs to submit evidentiary facts rebutting this prima facie showing and demonstrating the existence of a triable issue of fact *(see, Bingham v Godfrey,* 114 AD2d 987, 988, *appeal dismissed* 67 NY2d 753; *Piccolo v De Carlo,* 90 AD2d 609, 610). This plaintiffs failed to do. The affidavits that they submitted simply set forth instances of alleged vicious behavior by the dog observed by third parties. There were no assertions of any actual knowledge on defendant's part, or that of her parents as agents, of any vicious tendencies of the dog at the time of the origin of the lease *(see, Gill v Welch,* 136 AD2d 940; *cf., Merwin v McCann,* 129 AD2d 925). This did not supply the evidentiary showing necessary to successfully resist the summary judgment motion.

Additionally, this is not a situation where knowledge of vicious propensities can be implied due to the type of dog involved, such as a German Shepherd, a breed said to have inherited vicious tendencies from its ancestor, the wolf *(see, Strunk v Zoltanski, supra,* at 578, n 1 [Kaye, J., dissenting]). Here, the tenant's dog was an Afghan hound, a noble and dignified animal, which, when properly treated, is aloof to strangers and characteristically gentle with everyone.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed. Mahoney, P. J., Kane, Casey and Mercure, JJ., concur.

Weiss, J., dissents and votes to affirm in a memorandum. Weiss, J. (dissenting). I respectfully dissent. As the majority aptly notes, it is now established that a landlord may be liable to a third person injured by a tenant's dog where the landlord is aware of both "the prospective presence of the dog and of its vicious propensities" at the time of the initial letting *(Strunk v Zoltanski,* 62 NY2d 572, 578; *see, Meyers v Haskins,* 140 AD2d 923, 924). In her brief, defendant acknowledges that, through her agents, she knew that Ronald Beauparlant (the lessee) intended to keep a dog on the premises. However, in support of her motion, defendant expressly denied that either she or her agents was informed as to any vicious propensities of the dog when the lease was negotiated *(see, Gill v Welch,* 136 AD2d 940). Specifically, defendant's mother, Betty Lent, averred that she personally negotiated the lease with Beauparlant and received his assurance that the dog was a "good dog". In opposition, plaintiffs offered the affidavits of Edith and Irving Levenberg, the victim's grandparents who lived next door to the subject premises. The Levenbergs both recounted instances of vicious behavior, including occasions

where the dog barked and lunged at them while tied to a rope. Additionally, they stated that Beauparlant advised the dog was a "biter" and had actually bitten a guest at his home on a prior occasion. As the majority emphasizes, this postlease evidence does not establish actual knowledge of vicious propensity at the inception of the lease. In this sense, I agree that *Strunk* is factually distinguishable. Nonetheless, under the circumstances presented, I cannot agree that defendant is entitled to summary judgment dismissing the complaint. Betty Lent, by her own admission, "did not inquire any further as to the dog's disposition" after being informed it was a "good dog" *(see, Merwin v McCann, 129 AD2d 925)*. Nor did she even see the dog. In my view, implicit in the landlord's duty delineated in *Strunk* is the minimal requirement of ascertaining what type of dog will be maintained *(see, Strunk v Zoltanski, supra, at 576; cf., Georgianna v Gizzy, 126 Misc 2d 766, 767)*. Indeed, in *Strunk* the Court of Appeals recognized that where a tenant intends to keep a watch or guard dog, the landlord is obligated to take reasonable protective precautions. For all defendant knew prior to confirming the lease, Beauparlant could well have intended to utilize his dog in this capacity. While the majority proffers a generous assessment of an Afghan hound's character, the record does not support this description. According plaintiff the benefit of every reasonable inference, it is my opinion that a triable question of fact exists as to whether defendant exercised reasonable care in allowing the dog on the premises *(see, Meyers v Haskins, supra, at 924-925)*.

Alternatively, it is further significant that a landlord who becomes aware of the vicious propensities of a tenant's dog during the term of the lease and has retained authority over the premises may also be liable to a third party *(see, Strunk v Zoltanski, supra, at 575)*. Here, the Levenberg affidavits present a triable issue as to whether defendant, through her agents, knew or should have known of this dog's purported vicious character *(see, Merwin v McCann, supra, at 926; Brophy v Columbia County Agric. Socy., 116 AD2d 873, 875)*. Moreover, the record indicates that Beauparlant enjoyed only a month-to-month tenancy, giving rise to the further question of whether defendant retained sufficient control to implement any necessary safety measures *(Cronin v Chrosniak, 145 AD2d 905)*. Accordingly, I would affirm Supreme Court's order.