[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The issue before the Court is a landlord liable for injuries CT Page 6279 sustained by a third person because a dog owned by one of the landlord's tenants escaped and, attacked a third person? It is found that the landlord is not statutorily liable to the plaintiff as a matter of law but that a material issue of fact exists as to the defendant's common law negligence liability. It is therefore found that the court should grant the defendant's motion for summary judgment as to count two and deny the motion as to count three.
The following facts are alleged in the amended complaint.[1] The plaintiff, Carol Duhaime, was bitten on her right leg by a pit bull dog. The dog had broken loose from the property of a two-family residence, 32 Winter Street, Ansonia, where it had been chained. The plaintiff was a tenant at a building on adjoining property, 36 Winter Street, Ansonia.
In count one, the plaintiff sues Tron Mills, the owner of the dog, under the dog bite statute, General Statutes 22-357. In count two, the plaintiff sues Richard Van Etten and David McDermott, as the keepers of the dog, under the dog bite statute. In count three, the plaintiff sues Van Etten and McDermott, as the owners of 32 Winter Street, for common law negligence. The plaintiff alleges in count two that Van Etten and McDermott are the keepers of the dog, pursuant to the dog bite statute. In count three, the plaintiff alleges that Van Etten and McDermott knew or should have known that the dog was dangerous and that they negligently allowed the dog to remain on the property, failed to ensure that the dog was properly restrained, and failed to inspect the property to ensure that dangerous animals were not being kept there. Van Etten ("the defendant") answered the complaint and asserted a special defense that he did not own, keep, harbor, possess or control the dog. The plaintiff answered the special defense, thereby closing the pleadings.
The defendant moves for summary judgment on counts two and three on the ground that he is not liable under either the dog bit statute or the common law as matter of law. The defendant has filed his affidavit and a memorandum of law.
The plaintiff opposes the motion and has filed her affidavit and a memorandum of law. The court, McGrath, J., heard the parties' arguments at short calendar on February 3, 1992.
Summary judgment is appropriate when no material issues of fact exist and the movant is entitled to judgment as a matter of law. Practice Book 384. "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citation omitted). Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990).
I The Dog Bite Statute CT Page 6280
General Statutes 22-257 provides in relevant part: "If any dog does any damage to either the body or property of any person, the owner or keeper. . .shall be liable for such damage." "Keeper" is defined as "any person, other than the owner, harboring or having in his possession any dog." General Statutes 22-327. "To harbor a dog is to afford lodging, shelter or refuge to it. . . .`Possession cannot be fairly construed as anything short of the exercise of dominion and control over the dog. . ."' (Citations omitted). Falby v. Zarembski, 221 Conn. 14, 19, ___ A.2d ___ (1992).
In his affidavit, Van Etten attests that the lessees had exclusive possession and control over the property where the dog was kept, that the lessees never, sought permission to keep a dog, contrary to the lease, and that Van Etten never fed, cared for nor exercised control over the dog. In her affidavit, the plaintiff, in relevant part, attests that the dog had been kept on the property for approximately six months before she was attacked.
It is noted that the plaintiff has not alleged any facts nor presented any evidence to show that Van Etten was a keeper of the dog under the dog bite statute. There are no factual allegations or evidence showing that Van Etten harbored the dog by giving it lodging or possessed the dog by exercising dominion and control over it. See Falby, supra, 19.
It is therefore found that the plaintiff's affidavit fails to rebut Van Etten's attestations that he never harbored the dog. It is therefore found that the court should grant Van Etten's motion for summary judgment as to count two.
II Common Law Liability[2]
The defendant argues that summary judgment as to count three should be granted because he owed no duty to the plaintiff as a matter of law. The defendant cites a superior court case to support his proposition. The plaintiff argues that landlords are routinely held liable for dangerous conditions on their premises; the plaintiff, however, cites no law in support of her proposition.
Whether a duty exists presents a question of law. Shore v. Stonington, 187 Conn. 147, 151, 444 A.2d 1379 (1982)." Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Id., 151-52.
The appellate courts in Connecticut have never addressed whether a landlord owes a duty to a non-tenant who is injured by a tenant's dog. In Goff v. Timothy, 1 Conn. L. Rptr. 385 (1990, Berdon, J.), a tenant was attacked by another tenant's dog in a CT Page 6281 common hallway of the defendant landlord's building. The plaintiff sued for common law negligence. The court recognized a common law duty analogous to the "keeper" Liability imposed by the dog bite statute. See Restatement (Second) Torts 514. The court, however, cited 514, comment a, for the proposition that the owner of property on which an animal is kept cannot be liable for harboring the dog merely by permitting the dog to remain on the property. The court specifically did not address whether the common law imposed another type of duty upon the landlord. Goff, supra, 385 n. 1.
It is clear that the plaintiff has failed to allege or show sufficiently that the defendant harbored the dog; therefore, it would be inappropriate to impose, common law "harboring" duty upon the landlord for the same reasons as discussed under the statutory analysis. Other states, however, have recognized a landlord's duty to third persons in dog bite situations if the landlord knew of the dog and its dangerous proclivities at the time of entering into the lease. See Strunk v. Zoltanski, 62 N.Y.2d 572, 576, 479 N.Y.S.2d 175,468 N.E.2d 13 (1984) (duty at inception of lease when landlord knows of guard or watchdog to take reasonable precautions necessary to protect third persons); Vigil v. Payne, 725 P.2d 1155
(Colo.App. 1986) (landlord has duty to take reasonable precautions where knows before entering lease that tenant's animal is vicious). See also Restatement (Second) Torts 379A ("A lessor of land is subject to liability for physical harm to persons outside of the land caused by activities of the lessee or others on the land after the lessor transfers possession if, but only if, (a) the lessor at the time of the lease consented to such activity or knew that it would be carried on, and (b) the lessor knew or had reason to know that it would unavoidably involve such an unreasonable risk, or that special precautions necessary to safety would not be taken.")
In this case, the plaintiff alleges that the defendant had knowledge at the time of the attack that the dog was dangerous. She attests that the dog had been on the property six months before the attack. The defendant includes with his affidavit a copy of the lease agreement, in which the tenant was required to seek written permission to keep any animal in the apartment. The defendant attests that the tenant never sought permission to keep a dog on the premises.
It is found the evidence submitted by both parties does not conclusively show or not show whether the defendant knew about the tenant's dog and its vicious propensities at the time of entering the lease agreement. It is therefore found that the defendant movant has not met his burden of proving the nonexistence of material issues of fact. It is thus clear that the court should deny the defendant's summary judgment motion as to count three.
The motion for summary judgment as to Count Two is granted, as CT Page 6282 to Count Three it is denied.
WILLIAM J. McGRATH, JUDGE