■ KIMBERLY DIXON, an Infant, by ANITA LaRUSCH, Her Parent, Appellant, v OLIVER FRAZINI et al., Defendants, and JOSEPH DRZYMALA et al., Respondents.—Order and judgment unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Infant plaintiff, Kimberly Dixon, suffered personal injuries when she was severely bitten by a Siberian husky owned by defendants Oliver and Michelle Frazini, who resided in a two-family house owned by defendants, Joseph and Harriet Drzymala. Harriet Drzymala is the sister of Michelle Frazini and, according to Dixon and LaRusch, the Drzymalas frequently visited at the home of the Frazinis to collect rent and for family visits.

As landlords, the Drzymalas would be liable for the dog's attack if "[they] had knowledge of the vicious propensities of the dog and had control of the premises or other capability to remove or confine the animal" (Strunk v Zoltanski, 62 NY2d 572, 575; see also, Cronin v Chrosniak, 145 AD2d 905, 906; Gill v Welch, 136 AD2d 940; Rico v Cleary, 126 AD2d 714, 715). The Drzymalas moved for summary judgment and established, by proof in admissible form, that they had no knowledge that the dog possessed any vicious propensities (see, Gill v Welch, supra; Rico v Cleary, supra). "It was then mandatory for plaintiff * * * to submit evidentiary facts rebutting this prima facie showing and demonstrating the existence of a triable issue of fact" (Plue v Lent, 146 AD2d 968, 968-969). Plaintiff met her burden by submitting affidavits indicating that, whenever people neared the dog, it would "run and attack the front fence area, growling, barking, baring its teeth and attempting to bite through the fence and hop over the top of it", thus raising a triable issue regarding the dog's propensities (see, Cronin v Chrosniak, supra; Mitura v Roy, 174 AD2d 1020). Plaintiff also raised an issue of fact concerning the Drzymalas' observation of the dog's aggressive behavior when they were visiting the Frazinis. Because of those disputed factual issues, the motion for summary judgment should not have been granted (see, Mitura v Roy, supra; Cronin v Chrosniak, supra). The complaint against the Drzymalas is, therefore, reinstated. (Appeal from Order and Judgment of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.