■ DAVID L. WILSON et al., Individually and as Parents and Natural Guardians of ADAM D. WILSON, an Infant, Appellants, v JOHN BRUCE, Respondent. [603 NYS2d 919] —Yesawich Jr., J. Appeal from an order and judgment of the Supreme Court (Dier, J.), entered February 18, 1993 in Washington County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs brought this action to recover for injuries sustained by their infant son who was bitten by a dog owned by defendant's neighbors and tenants, the Francetts, while playing in their yard. The theory underlying the complaint is that although defendant maintained control of the leased property and was aware, or should have been, of the vicious propensities of the dog, he nonetheless neglected to take proper measures to control the animal or to have it removed from the premises *(see, Strunk v Zoltanski,* 62 NY2d 572, 575).

Because the Francetts were month-to-month tenants, defendant arguably maintained sufficient dominion over the premises to justify the imposition of liability *(see, Cronin v Chrosniak,* 145 AD2d 905, 907); however, defendant's submissions in support of his motion for summary judgment established prima facie that he was unaware of any viciousness on the part of the Francetts' dog. The burden thereupon shifted to plaintiffs to demonstrate the existence of a triable issue of fact *(see, Plue v Lent,* 146 AD2d 968, 968-969). On this record, that burden has not been met.

Plaintiffs, in deposition testimony, admit that they did not know of any previous incidents in which the dog attacked or harmed anyone; in support of their claim that defendant had constructive notice of the dog's "vicious tendencies", they offer only the affidavit of Daisy Coats, a neighborhood resident. Coats attests that the dog occasionally strayed from the Francetts' property, that it growled and showed its teeth when she approached, and that Cindy Francett had informed her that the Francetts "tie the dog up when they are not home so that it will not bite anyone". Notably absent is any indication that defendant himself actually witnessed anything which would have apprised him of the risk posed by the dog *(see, Smrtic v*

*Marshall,* 176 AD2d 986), that any complaints had been lodged with him or his agents *(see, Merwin v McCann,* 129 AD2d 925, 926), or that some degree of viciousness could be implied, as in the case of a purebred German Shepherd *(see, Plue v Lent, supra,* at 969). Nor are these averments, made by a single neighbor, enough to demonstrate such a general awareness within the neighborhood of the dog's assertedly vicious character *(compare, Fontecchio v Esposito,* 108 AD2d 780, 780-781) that defendant could be charged with such knowledge merely by reason of his residence in the area.

Mikoll, J. P., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the order and judgment is affirmed, with costs.