■ THERESA CUSATIS, Respondent, v JAMES L. GOOCH, Appellant, and KIM RYC, Respondent. [628 NYS2d 899] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied the motion of defendant James L. Gooch for summary judgment. Although an out-of-possession landowner who relinquishes control of the premises is not liable for personal injuries caused by any unsafe condition existing on the premises once the possession and control of the property have been transferred *(see, June v Zikakis Chevrolet,* 199 AD2d 907; *Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731), there is a question of fact regarding Gooch's control of the property and the dog that lunged at plaintiff. Gooch testified that he bought the chain involved in the incident because the dog had broken other chains, that he moved the chain so that the dog would not obstruct the entry of the mailman and the paperboy to the front yard, and that he was aware of at least one other attack by the dog. By submitting that testimony in opposition to Gooch's motion, plaintiff and defendant Kim Ryc met their burden of submitting evidentiary facts rebutting Gooch's prima facie showing and demonstrating the existence of triable issues of fact *(see, Plue v Lent,* 146 AD2d 968, 968-969). Plaintiff and Ryc raised questions of fact whether Gooch

had knowledge of the vicious propensities of the dog and whether Gooch had control of the premises or the capability to remove or confine the animal *(see, Strunk v Zoltanski,* 62 NY2d 572, 575; *Dixon v Frazini,* 188 AD2d 1054; *Cronin v Chrosniak,* 145 AD2d 905).* (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.