■ ALLEN MEHL, Respondent, v MOLLIE FLEISHER et al., Appellants, et al., Defendant. [650 NYS2d 784] —In a negligence action to recover damages for personal injuries, the defendants Mollie Fleisher and Sandra Rubin appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), dated December 21, 1995, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

As a general matter, a landlord who has surrendered possession and control over premises leased premises to a tenant will not be liable for the tenant's negligent failure to maintain the premises in a reasonably safe condition *(see, Dalzell v McDonald's Corp.,* 220 AD2d 638; *Ahmad v Getty Petroleum Corp.,* 217 AD2d 600; *see also, Johnson v Urena Serv. Ctr.,* 227 AD2d 325). Moreover, where the premises have been leased and subleased and the subtenant assumes the exclusive obligation to maintain the premises, both the out-of-possession landlord

and the out-of-possession lessee/sublessor will be free from liability for injuries to a third party caused by the negligence of the subtenant in possession *(see, Kinner v Corning, Inc.,* 190 AD2d 977).

Contrary to the conclusion of the Supreme Court, we find that the appellants demonstrated their entitlement to judgment as a matter of law. For an out-of-possession landlord or an out-of-possession lessee/sublessor to be liable for injuries sustained as a result of an attack by a tenant's dog, "it must be shown that the landlord [or out-of-possession lessee/sublessor] had knowledge of the vicious propensities of the dog and had control of the premises or other capability to remove or confine the animal" *(Strunk v Zoltanski,* 62 NY2d 572, 575; *see also, Cronin v Chrosniak,* 145 AD2d 905; *Meyers v Haskins,* 140 AD2d 923; *Kinner v Corning, Inc., supra).* Here, the appellants demonstrated without genuine controversion that they were unaware of the presence of the animal on the premises controlled by the tenant, and thus they established their entitlement to summary judgment *(see, Smrtic v Marshall,* 176 AD2d 986; *Plue v Lent,* 146 AD2d 968; *Mickens v Prudential Ins. Corp.,* 102 AD2d 815, *affd* 64 NY2d 616; *Payne v Pavese,* 98 AD2d 879).

We have considered the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.