■ CHRISTOPHER J. HANNOLD, Respondent, v FIRST BAPTIST CHURCH, Appellant, and STEVEN FREEMAN et al., Respondents. (Appeal No. 1.) [677 NYS2d 859] —Order unanimously reversed on the law without costs and motion denied. Memorandum: Plaintiff was injured when he was bitten on the lip by a dog while participating in an overnight camping trip with other members of the local chapter of defendant Awana Clubs International (ACI). The trip was sponsored by defendant First Baptist Church, and the camp was located on land owned by defendant Lyon Wood Products, Inc. (LWP), which is owned by defendant Bruce Lyon, an adult leader of the local Awana chapter. The dog, a Labrador retriever, was owned by defendant Steven Freeman, also an adult leader of the local Awana chapter and a camp chaperone.

Supreme Court properly granted the motions of ACI and of LWP and Lyon for summary judgment dismissing the complaint against them. ACI met its initial burden of establishing that it had no control or supervision over the camping trip or the conduct of Freeman, and plaintiff failed to raise a triable issue of fact with respect to the existence of a relationship between Freeman and ACI sufficient for the imposition of liability based on the doctrine of respondeat superior (*see, Alessi v Boy Scouts*, 247 AD2d 467; *Davis v Shelton*, 33 AD2d 707, *appeal dismissed* 26 NY2d 829). Likewise, LWP and Lyon established that, although the camp was located on property owned by LWP, neither LWP nor Lyon was present at the campsite and neither knew or should have known that Freeman was bringing his dog to the camp or that the dog had vicious propensities (*see, Strunk v Zoltanski*, 62 NY2d 572, 575). Plaintiff also

failed to raise a triable issue of fact in those respects (*cf., Cusatis v Gooch*, 216 AD2d 898). Moreover, there is no proof that the adult leaders and chaperones at the camp, including those who were employees of LWP, were acting as agents of LWP or Lyon (*see, Greene v Hellman*, 51 NY2d 197, 203-204; *Plue v Lent*, 146 AD2d 968). The existence of a parent-child relationship is insufficient to establish an agency relationship; the proof must establish that the child is in fact an agent of the parent, and plaintiff failed to raise a triable issue of fact with respect to an agency relationship between Lyon and his sons (*see, Maurillo v Park Slope U-Haul*, 194 AD2d 142, 146).

The court erred, however, in granting plaintiff's motion for discovery of statements made by several witnesses to a representative of the liability insurer of First Baptist Church. Although made before commencement of the litigation, those statements were made in anticipation of the litigation and thus are conditionally privileged (*see*, CPLR 3101 [d] [2]; *Recant v Harwood*, 222 AD2d 372, 374; *Sullivan v Smith*, 198 AD2d 749; *Harris v Processed Wood*, 89 AD2d 220, 222-223; *Finegold v Lewis*, 22 AD2d 447, 448). Plaintiff failed to establish that he would suffer undue hardship if his motion for disclosure were denied (*see*, CPLR 3101 [d] [2]; *Loose v Penfield Volunteer Emergency Ambulance Serv.*, 222 AD2d 1080; *Finegold v Lewis, supra*, at 448). Plaintiff also failed to establish that the statements were used to refresh the recollection of witnesses who testified at examinations before trial and that the privilege was thereby waived (*cf., Stern v Aetna Cas. & Sur. Co.*, 159 AD2d 1013; *Doxtator v Swarthout*, 38 AD2d 782). Thus, plaintiff's motion for discovery of those statements is denied. (Appeal from Order of Supreme Court, Chautauqua County, Cass, J.—Discovery.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.