■ JOSEPH BRUNDRIGE, an Infant, by GARY BRUNDRIGE, His Father, et al., Respondents, v TIMOTHY HOWES, Defendant, and LEDA STROUP, Appellant. [686 NYS2d 530] —Yesawich Jr., J. Appeals from two orders of the Supreme Court (Donohue, J.), entered April 22, 1998 and May 15, 1998 in Albany County, which, *inter alia*, denied defendant Leda Stroup's motion for summary judgment dismissing the complaint against her.

In this action, recovery is sought for injuries sustained by the infant plaintiff, who was bitten by a dog while running through an alleyway on property owned by defendant Leda Stroup (hereinafter defendant); the dog is owned by Timothy

Howes, defendant's tenant. The complaint alleges that defendant negligently permitted Howes to keep a dog on the premises that she knew or should have known possessed vicious propensities. Supreme Court denied defendant's motion for summary judgment dismissing the complaint against her and this appeal followed.

Preliminarily, the record contains conflicting evidence as to whether Howes acted reasonably in restraining the dog. Defendant maintains that the configuration of the rental property, and the fact that the dog was tethered to a porch structure, incontrovertibly establishes that Howes had restrained it in a reasonable manner. Plaintiffs' contrasting proof indicates that signs warning of the dog's presence were lacking and, importantly, that the length of the leash was such as to enable the dog to access the alleyway. As this is a negligence suit, and there being a question of fact as to the reasonableness of Howes's action, summary judgment is not tenable (*see, Andre v Pomeroy*, 35 NY2d 361, 364).

It is a well-settled principle that when a tenant, after leasing the premises, acquires an animal, the landlord may be held liable for an attack by that animal if the landlord had knowledge of the animal's vicious propensities and provided, further, that the landlord controlled the premises or had the ability to confine or remove the animal (*see, Strunk v Zoltanski*, 62 NY2d 572, 575). At issue here is whether defendant was aware that the dog was on the property, and of the dog's vicious bent. The proof proffered in this regard on plaintiffs' behalf, namely affidavits from Howes's neighbors, one of whom—defendant's former tenant and Howes's erstwhile neighbor—attests that she complained to defendant that the dog's presence prevented her from hanging out her wash and caused her to keep her children from playing outdoors, is sufficient to raise a triable question of fact as to defendant's knowledge of the dog's presence on the property and its allegedly dangerous tendencies (*cf., Smrtic v Marshall*, 176 AD2d 986; *Plue v Lent*, 146 AD2d 968, 968-969).

Furthermore, given that Howes maintained the premises for defendant in return for reduced rent, it is fairly inferable that he served as defendant's agent and, hence, his knowledge of the dog's proclivities is imputable to defendant for the purpose of establishing her liability vicariously (*see, Meyers v Haskins*, 140 AD2d 923, 924-925).

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the orders are affirmed, with costs.