■ TONYA SHANNON, as Parent and Guardian of AMANDA SHANNON, an Infant, Respondent, v MARC SCHULTZ, Defendant, and CHRISTOPHER G. SCHULTZ, Appellant. [686 NYS2d 906] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered August 10, 1998 in Schenectady County, which denied a motion by defendant Christopher G. Schultz for summary judgment dismissing the complaint and all cross claims against him.

On August 17, 1996, Amanda Shannon, an infant, was bitten by a coon dog owned by defendant Marc Schultz (hereinafter Schultz). The incident occurred at Schultz's residence, which he leased from his brother, defendant Christopher G. Schultz (hereinafter defendant). After plaintiff, Shannon's mother, brought the instant personal injury action, defendant moved for summary judgment dismissing the complaint and all cross claims against him. In support of the motion, defendant supplied a transcript of his examination before trial, wherein he testified that on his various visits to the subject premises, he

had found the dog to be amiable and friendly, that he had not noticed any change in the dog's temperament in the weeks preceding the accident and that, prior to this incident, he was aware of no other incidents involving the dog. In opposition to the motion, plaintiff asserted that defendant must have known of the dog's vicious propensities because he is the dog owner's brother and was aware of the "beware of dog" sign that was posted on the dog house. Supreme Court denied defendant's motion and this appeal ensued.

We reverse. To be sure, a landlord who leases premises to a tenant with the knowledge that the tenant has an animal with vicious propensities must take reasonable measures to protect others from an attack by such animal (*see, Strunk v Zoltanski*, 62 NY2d 572, 575). Here, however, defendant established, by proof in admissible form, that he had no knowledge of the dog's allegedly vicious propensities, thus requiring plaintiff to submit sufficient evidentiary facts to refute this prima facie showing (*see, Dixon v Frazini*, 188 AD2d 1054). In response, plaintiff has asserted only that defendant must have been aware of the dog's vicious propensities because its owner is his brother and, further, his parents have been shown to have had knowledge of such propensities. Plaintiff's attempt to impute such knowledge to defendant through conjecture, surmise and suspicion is clearly insufficient to defeat defendant's motion for summary judgment (*see, Shapiro v Health Ins. Plan*, 7 NY2d 56, 63). Moreover, plaintiff's reliance upon the presence of a "beware of dog" sign does not raise a question of fact regarding the animal's vicious propensities (*see, Arcara v Whytas*, 219 AD2d 871, 872). Accordingly, defendant's motion for summary judgment dismissing the complaint and all cross claims against him is granted.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant Christopher G. Schultz and the complaint and all cross claims against him dismissed.