■ MARCO LEPORE et al., Respondents, v MATTHEW R. DICARLO, as Executor of CALOGERA SCICOLONE, Deceased, Appellant. [707 NYS2d 736] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiffs commenced this action seeking damages for personal injuries sustained by Marco LePore (plaintiff) when he went to a building owned by the estate of defendant's aunt and managed by defendant to install cable television in the apartment of one of the tenants. As plaintiff approached the rear door of the building, a dog rushed out of the door and began to chase him. Plaintiff ran from the yard and was injured while trying to hoist himself onto the bed of his pick-up truck. Plaintiff never contacted the owner of the dog, nor did he attempt to contact defendant prior to his commencing this action on the day before the Statute of Limitations expired. Plaintiff admitted at his deposition that he had no knowledge whether the dog had acted in a similar manner at any time before his encounter with it.

Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. To be liable for injuries caused by a dog acquired by a tenant after leasing the premises, a landlord must have knowledge of the vicious propensities of the dog and control of the premises or other capability to remove or confine the animal (*see, Strunk v Zoltanski,* 62 NY2d 572, 575; *Southern v Valentine,* 263 AD2d 954; *Carter v Metro N. Assocs.,* 255 AD2d 251; *see also, Cusatis v Gooch,* 216 AD2d 898, 898-899). Defendant met his initial burden through his deposition testimony that he had a "no dogs" rule and that he had no knowledge that a dog was being kept on the premises. He further testified that he visited the building once a week and had never seen a dog (*see, Southern v Valentine, supra*).

In opposition, plaintiffs submitted the affidavit of a person who lived across the street from the subject property. The neighbor averred that he observed the dog chase plaintiff. He knew that the dog had been kept in the apartment of a tenant in the subject building for at least six months prior to the incident. The dog was often in the yard of the building and was never tied up. He had been chased by the dog on two prior occasions, his children had been chased by the dog, and he had observed the dog knock a young girl to the ground. He had warned the dog's owner to tie up the dog before it hurt someone.

Although plaintiffs thereby raised an issue of fact whether defendant, who visited the property once a week, knew of the presence of the dog, they did not raise an issue of fact whether defendant knew or should have known of the dog's vicious propensities (*see, Perry v Mikolajczyk,* 259 AD2d 987). Knowledge of the existence of the dog, in and of itself, "does not support the inference that [the landlord] knew of its vicious propensities" (*Yeostros v Jackson,* 258 AD2d 886, 887). There is no evidence from which to infer that the dog exhibited vicious propensities at a time when defendant was present on the property (*cf., Meyers v Haskins,* 140 AD2d 923, 924), nor is there any evidence that anyone communicated any complaints about the dog to defendant (*see, Southern v Valentine, supra; see also, Plue v Lent,* 146 AD2d 968, 969). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Kehoe and Balio, JJ.