■ DANIEL BALLA, SR., Individually and as Parent and Natural Guardian of DANIEL BALLA, JR., an Infant, Respondent, v DARLENE JONES, Defendant, and MARION STECKER, Appellant. [759 NYS2d 726] —Appeal from an order of Supreme Court, Erie County (Martoche, J.), entered May 9, 2002, which denied the motion of defendant Marion Stecker seeking summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Marion Stecker is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by his two-year-old son when he was bitten by a dog owned by defendant Darlene Jones while visiting at her home. Plaintiff alleges, inter alia, that defendant Marion Stecker, the landlord of the premises rented by Jones, was negligent in permitting Jones to keep a dog that Stecker knew or should have known had vicious propensities. Supreme Court erred in denying the motion of Stecker seeking summary judgment dismissing the complaint against her. Stecker, who resided in Arkansas, met her initial burden by establishing that she had no knowledge that Jones had any dogs at the premises and thus had no knowledge that the dog at issue had vicious propensities. Even assuming, arguendo, that plaintiff raised an issue of fact whether Stecker knew that Jones had dogs at the premises, we conclude that he "did not raise an issue of fact whether [Stecker] knew or should have known of the dog's vicious propensities" (*LePore v DiCarlo,* 272 AD2d 878, 879 [2000], *lv denied* 95 NY2d 761 [2000]). Contrary to plaintiff's contention, "[e]vidence that [Stecker] knew of the existence of the dog does not support the inference that [she] knew of its vicious propensities" (*Yeostros v Jackson,* 258 AD2d 886, 887 [1999]). Present—Green, J.P., Hurlbutt, Scudder, Burns and Hayes, JJ.