Appeal from an order and judgment (one document) of Supreme Court, Erie County (Dillon, J.), entered May 8, 2002, which granted the motion of defendants Victor N. Farley, public administrator for the estate of Henry P Kopciowski, deceased, and Irene Kopciowski for summary judgment dismissing the complaint against them.
It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint against defendants Victor N. Farley, public administrator for the estate of Henry P Kopciowski, deceased, and Irene Kopciowski is reinstated.
Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by 15-year-old Katherine M. *1034 Woodman (plaintiff) when she was attacked by a dog harbored by defendants Joel Rosier and Tammy Kopciowski on premises owned by Tammy’s parents, defendant Irene Kopciowski and her late husband, Henry P. Kopciowski (decedent). Supreme Court erred in granting the motion of defendants Irene Kopciowski and the public administrator for decedent’s estate for summary judgment dismissing the complaint against them. “A landlord not in possession of the premises is usually not liable for injuries inflicted by an animal owned or harbored by a tenant .... However, if during the term of the leasehold a landlord becomes aware of the fact that his tenant is harboring an animal with vicious propensities, he owes a duty to protect third persons from injury only if he ‘had control of the premises or other capability to remove or confine the animal’ ” (Cronin v Chrosniak, 145 AD2d 905, 905-906 [1988], quoting Strunk v Zoltanski, 62 NY2d 572, 575 [1984]).
Upon our review of the record, we conclude that there are triable issues of fact with regard to whether the parents knew or should have known of the dog’s vicious propensities (see Han v F & M Enter. of Corona Corp., 293 AD2d 572, 573 [2002]). Plaintiffs submitted evidence tending to demonstrate that the dog openly and constantly evinced aggressive and vicious propensities during the year prior to the attack and was reputed throughout the neighborhood to be a vicious dog (see Dixon v Frazini, 188 AD2d 1054 [1992]; Cronin, 145 AD2d at 906-907; see also Baisi v Gonzalez, 97 NY2d 694, 695, [2002] revg 286 AD2d 313 [2001]). Plaintiffs also demonstrated that the parents were regular visitors to the premises (see Baisi, 286 AD2d at 314 [Crane, J., dissenting]; Dixon, 188 AD2d 1054 [1992]; Cronin, 145 AD2d at 906). Moreover, decedent’s wife admitted in her deposition testimony that she had been put on notice, “months” before the attack on plaintiff, of plaintiffs alleged tendency to walk back and forth in front of the house with the intent of exciting the dog. She further acknowledged her prior awareness that plaintiffs alleged antics were in fact “very aggravating” to the dog. Indeed, in her testimony she went so far as to say that the dog “naturally” responded to plaintiffs alleged taunting in the manner in which it did, at least to the extent of “runfning] out” and “jump[ing] the fence.” That specific knowledge of a history of antagonism between the dog and the victim of the attack tends to establish at least constructive notice of the dog’s vicious propensities (cf. Carter v Metro N. Assoc., 255 AD2d 251, 252 [1998]). Present—Pigott, Jr., PJ., Green, Scudder, Kehoe and Hayes, JJ.