■ DENNIS ORTIZ et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [963 NYS2d 656]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered November 30, 2011, which granted defendant

New York City Housing Authority's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

NYCHA established prima facie entitlement to summary judgment by submitting evidence showing that it was not aware that a tenant had been harboring the pit bull that attacked infant plaintiff (see *Strunk v Zoltanski*, 62 NY2d 572, 575 [1984]). Even if knowledge of the dog's presence could be imputed, the evidence shows that NYCHA neither knew nor should have known of the dog's vicious propensities (see *id.*; *Rivers v New York City Hous. Auth.*, 264 AD2d 342 [1st Dept 1999]).

The affidavit of another tenant, Edwin Ortiz, submitted by plaintiffs, failed to raise triable issues of fact sufficient to defeat summary judgment. Even if Ortiz's averment that the development knew that Rivera owned the dog is sufficient to establish notice of the dog's presence, Ortiz's averment that he was aware of the dog's reputation for being aggressive, and that he knew of two prior attacks by the dog before the subject incident sets forth only third parties' knowledge and observations, which is insufficient to impute knowledge of the dog's vicious propensities to NYCHA (see *LePore v DiCarlo*, 272 AD2d 878, 879 [4th Dept 2000], *lv denied* 95 NY2d 761 [2000]; *Wilson v Bruce*, 198 AD2d 664 [3d Dept 1993], *lv denied* 83 NY2d 752 [1994]; *Plue v Lent*, 146 AD2d 968 [3d Dept 1989]). Also, vicious propensities may not be inferred solely from the fact that the dog was of the pit bull breed (see *Joe v Orbit Indus.*, 269 AD2d 121, 122 [1st Dept 2000]; *Carter v Metro N. Assoc.*, 255 AD2d 251 [1st Dept 1998]; *compare Plue*, 146 AD2d 968). Concur—Andrias, J.P., Saxe, DeGrasse, Richter and Gische, JJ.