Pauszek v Waylett (2019 NY Slip Op 04545)





Pauszek v Waylett


2019 NY Slip Op 04545


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


125 CA 18-01404

[*1]MARY A. PAUSZEK, PLAINTIFF-RESPONDENT,
v
AMY M. WAYLETT, DEFENDANT-APPELLANT, MICHAEL LIN AND JUEL LIN, ALSO KNOWN AS JEWEL C. LIN, DEFENDANTS. 






WALSH, ROBERTS & GRACE, BUFFALO (ROBERT P. GOODWIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
FESSENDEN, LAUMER & DEANGELO, PLLC, JAMESTOWN (MARY B. SCHILLER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered January 23, 2018. The order denied the motion of defendant Amy M. Waylett for summary judgment dismissing the amended complaint against her. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she tripped in a "divot" on her own property and fell after she was frightened by a dog owned by her neighbors, defendants Michael Lin and Juel Lin, also known as Jewel C. Lin, who were renting their home from Amy M. Waylett (defendant). Supreme Court denied defendant's motion for summary judgment dismissing the amended complaint against her, and we affirm.
Contrary to defendant's contention, she failed to establish as a matter of law that she did not owe a duty of care to plaintiff. Although plaintiff was injured on her own property, the conduct of the dog in question occurred on defendant's property (cf. Walker v Gold, 70 AD3d 1349, 1350 [4th Dept 2010], lv denied 14 NY3d 712 [2010]; Seiger v Dercole, 50 AD3d 1524, 1524 [4th Dept 2008]; Ruffin v Dykes, 37 AD3d 1191, 1191 [4th Dept 2007]; Weipert v Oldfield, 298 AD2d 974, 974 [4th Dept 2002]), and defendant's own evidence raised a triable issue of fact whether she took "reasonable precautions for the protection of third persons" (Strunk v Zoltanski, 62 NY2d 572, 577 [1984]).
Contrary to her further contentions, defendant also failed to establish as a matter of law that the dog did not have vicious propensities or that she lacked notice of those propensities (see id.). In support of her motion, defendant submitted evidence that, after the Lins moved into the premises, the dog was observed lunging at or jumping on people. Although "barking and running around" is generally considered normal canine behavior and does not amount to vicious propensities (Collier v Zambito, 1 NY3d 444, 447 [2004]), "[a] known tendency to attack others, even in playfulness, as in the case of the overly friendly large dog with a propensity for enthusiastic jumping up on visitors, will be enough to make [a] defendant[] liable for damages resulting from such an act" (Lewis v Lustan, 72 AD3d 1486, 1487 [4th Dept 2010] [internal quotation marks omitted]). In addition, the act of lunging at people may also be considered a vicious propensity (see Merwin v McCann, 129 AD2d 925, 926 [3d Dept 1987]; cf. Gill v Welch, 136 AD2d 940, 940 [4th Dept 1988]; see also Sorel v Iacobucci, 221 AD2d 852, 853 [3d Dept 1995]; O'Brien v Amman, 21 Misc 3d 1118[A], 2008 NY Slip Op 52096 [U], *3 [Sup Ct, Allegany County 2008]).
With respect to whether defendant had notice of the dog's allegedly vicious propensities, defendant submitted evidence that plaintiff's husband had complained about those very propensities to defendant's property manager, i.e., her agent. Although the property manager denied receiving such complaints, he admitted observing similar behavior by the dog. "The general rule is that knowledge acquired by an agent acting within the scope of his [or her] agency is imputed to his [or her] principal and the latter is bound by such knowledge [even if] the information is never actually communicated to [the principal]" (Center v Hampton Affiliates, 66 NY2d 782, 784 [1985]; see Kirschner v KPMG LLP, 15 NY3d 446, 465 [2010]). Thus, regardless whether the property manager informed defendant of what he heard or observed of the dog's allegedly vicious propensities, defendant is deemed to have notice of those propensities.
Inasmuch as defendant failed to meet her initial burden on the motion, the burden never shifted to plaintiff to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court