■ DAWN POWELL, Respondent, v JOHN WOHLLEBEN, Appellant, and GLORIA WILSON, Respondent. [681 NYS2d 581] —In an action to recover damages for personal injuries, the defendant John Wohlleben appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated February 25, 1998, which granted the cross motions by the plaintiff and the defendant Gloria Wilson for reargument of that branch of his prior motion which was for summary judgment dismissing the complaint and cross claims insofar as asserted against him and, upon reargument, denied his motion.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon reargument, denied that branch of the appellant's motion which was to dismiss the cross claims of the defendant Gloria Wilson and substituting therefor a provision adhering to so much of the prior order as dismissed those cross claims; as so modified the order is affirmed, without costs or disbursements.

It is well established that when a tenant acquires a dog, the landlord is not liable to a third person for injuries caused by the dog, unless the landlord knew of dog's presence and its dangerous tendencies and had control of the premises or otherwise had the ability to remove or confine the dog (*see, Strunk v Zoltanski,* 62 NY2d 572, 575; *Cronin v Chrosniak,* 145 AD2d 905, 906).

Here, there are questions of fact as to whether the landlord, the appellant John Wohlleben, retained control over the premises, whether he knew about the dog's presence, and whether he knew about the dog's prior vicious conduct. However, in light of our determination in the companion appeal dismissing the complaint and all cross claims insofar as asserted against the defendant Gloria Wilson (*see, Powell v Wohlleben,* 256 AD2d 396 [decided herewith]), her cross claims against the appellant are dismissed.

The appellant's remaining contention is without merit (*see, Adams v Agrawal,* 187 AD2d 886; *Vendette v Feinberg,* 125 AD2d 960). Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.