◼ MILTON MEDINA, an Infant, by His Mother and Natural Guardian, ROSEMARY GIGLIO, et al., Respondents, v GIORLANDO S. BARBARO, Appellant, et al., Defendant. [720 NYS2d 165] —In an action to recover damages for personal injuries, etc., the defendant Giorlando S. Barbaro appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated March 2, 2000, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

CPLR 3212 (a) provides that motions for summary judgment shall be made no later than 120 days after the filing of the note of issue, except with leave of court on "good cause" shown. The Supreme Court is afforded latitude in determining whether good cause exists for permitting late motions for summary

judgment, and it may entertain a belated but meritorious motion in the interest of judicial economy where the opposing party fails to demonstrate prejudice (*see, Goodman v Gudi,* 264 AD2d 758; *Quinlan v Kaufman,* 258 AD2d 453).

Here, the Supreme Court improvidently exercised its discretion in failing to excuse the appellant's minimal delay in serving the motion where he demonstrated his entitlement to judgment as a matter of law. When a tenant acquires a dog, a landlord is not liable to a third person for injuries caused by the dog, unless the landlord (1) knew of the dog's presence and its dangerous tendencies and (2) had control of the premises or otherwise had the ability to remove or confine the dog (*see, Strunk v Zoltanski,* 62 NY2d 572, 575; *Bemiss v Acken,* 273 AD2d 332; *Powell v Wohlleben,* 256 AD2d 397). Here, there is no proof in the record that the appellant, a landlord, had control over the premises, that he was aware prior to the underlying incident that the defendant Diana Burkhardt harbored a dog, or that the dog had vicious propensities. S. Miller, J. P., McGinity, Luciano and Smith, JJ., concur.