■ LESLIE P. COUMBES et al., Respondents, v CHARLES V. TAYLOR II et al., Appellants. [751 NYS2d 374] —In an action to recover damages for personal injuries, (1) the defendant Charles V. Taylor II appeals, and the defendant Ford Motor Credit Company separately appeals, (a) from an order of the Supreme Court, Dutchess County (Hillery, J.), dated August 10, 2001, which denied their respective motions to extend the 120-day statutory period within which to move for partial summary judgment on the issue of the serious injury of the plaintiff Matthew Coumbes, and (b), as limited by their respective briefs, from so much of an order of the same court, dated January 8, 2002, as denied their respective motions for leave to renew their motions to extend the statutory period, and (2) the defendant Ford Motor Credit Company also appeals from so

much of the order dated August 10, 2001, as denied as academic its motion for partial summary judgment.

Ordered that the order dated August 10, 2001, is reversed, on the law, those branches of the motions which were to extend the 120-day statutory period within which to move for partial summary judgment on the issue of the serious injury of the plaintiff Matthew Coumbes are granted, and the matter is remitted to the Supreme Court, Dutchess County, to determine the motion of the defendant Ford Motor Credit Company for partial summary judgment on the merits; and it is further,

Ordered that the appeals from the order dated January 8, 2002, denying the defendants' respective motions for leave to renew, are dismissed as academic in light of our determination of the appeals from the order dated August 10, 2001; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court erred in denying the defendants' separate motions to extend the period in which to move for partial summary judgment on the threshold issue of whether the plaintiff Matthew Coumbes sustained a serious injury. The granting of summary judgment to the plaintiffs on the issue of liability (see Coumbes v Taylor, 298 AD2d 350 [decided herewith]) did not automatically include a determination that the plaintiff Matthew Coumbes sustained a serious injury within the definition of Insurance Law § 5102 (d) (see Zecca v Riccardelli, 293 AD2d 31). Furthermore, the defendants established good cause for the extension, and the defendant Ford Motor Credit Company filed a meritorious motion well in advance of the anticipated trial date, causing no prejudice to the plaintiffs (see CPLR 3212 [a]; Williams v Nicolaou, 284 AD2d 451; Medina v Barbaro, 279 AD2d 615; Zwecker v Clinch, 279 AD2d 572). Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur.