■ ARECCIO PENA et al., Appellants, v SAUL F. CASTILLO, Respondent. [761 NYS2d 857] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schmidt, J.), entered January 30, 2003, which denied as premature their motion for summary judgment on the issue of liability without prejudice to renewal after the completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The Supreme Court improperly denied as premature the plaintiffs' motion for summary judgment on the issue of liability as premature (*see Gillinder v Hemmes,* 298 AD2d 493, 494 [2002]; *Morissaint v Raemar Corp.,* 271 AD2d 586, 587 [2000]; *Cooper v Milton Paper Co.,* 258 AD2d 614, 615 [1999]). Contrary to the defendant's contention, the plaintiffs established their entitlement to judgment as a matter of law on the issue of liability. The evidence submitted by the plaintiffs demonstrated that the defendant's vehicle struck a vehicle operated by the plaintiff Areccio Pena when the defendant failed to yield the right-of-way to Pena in violation of Vehicle and Traffic Law § 1142 (a) (*see Parisi v Mitchell,* 280 AD2d 589, 590 [2001]; *Cenovski v Lee,* 266 AD2d 424 [1999]; *Bolta v Lohan,* 242 AD2d 356 [1997]). In opposition to the motion, the defendant failed to raise a triable issue of fact (*see Parisi v Mitchell, supra; Cenovski v Lee, supra; Bolta v Lohan, supra*).

The defendant's contention that the plaintiffs' motion should have been denied because they failed to demonstrate that Pena sustained a serious injury within the meaning of Insurance

Law § 5102 (d) is unpreserved for appellate review. However, the granting of the plaintiffs' motion does not preclude the defendant from moving for summary judgment on the ground that Pena failed to sustain a serious injury (*see Manzi v Lindenlaub,* 304 AD2d 802 [2003]; *Coumbes v Taylor,* 298 AD2d 351, 352 [2002]; *Zecca v Riccardelli,* 293 AD2d 31 [2002]). Altman, J.P., Krausman, Luciano and Crane, JJ., concur.